IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| CHIN SON | * | |
|     Plaintiff | * | |
| | * | |
| VS. | * | |
| | * | |
| ALLTEL COMMUNICATION | * | NO: 4:05CV00413 SWW |
| WIRELESS, INC. | * | |
| | * | |
|     Defendant | * | |
| | * | |
| | * | |

**ORDER**

Plaintiff Chin Son ("Son"), an American citizen of Korean ancestry, brings this employment discrimination case against his former employer, Alltel Communications Services Corporation ("Alltel"), pursuant to 42 U.S.C. § 1981.[1] Before the Court is Alltel's motion for summary judgment (docket entries #26, #27, #28). The time for responding has passed, and Son has not filed a response. After careful consideration, and for the reasons that follow, the Court finds that Alltel's motion for summary judgment should be granted.

**I.  Standard of Review**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

---

[1] Son commenced this action, *pro se*, alleging that Alltel terminated his employment based on his race and national origin in violation of Title VII and other federal laws. After filing his complaint, Son retained counsel, and he acknowledged that his Title VII claim was time-barred. Son requested, and was granted, leave to amend his complaint, to clarify that he brings his claims under 42 U.S.C. § 1981.

of law. Fed. R. Civ. P. 56(c). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 587 (quoting Fed. R. Civ. P. 56(e)).

## II.  Background

The following facts are undisputed.[2] Alltel hired Son in July 2000 as an inside sales representative for its Markham Street location in Little Rock. Alltel's "inside" sales representatives provide assistance to existing Alltel customers who enter Alltel's retail stores; they are not expected to solicit new customers–a job assigned to Alltel's "outside" sales representatives.

Son's starting annual salary was within Alltel's salary range and paygrade for inside sales representatives. In 2001, Son received a 3% merit raise based on his first six-month performance evaluation. In September 2001, Alltel transferred Son to its North Little Rock, Lakewood store.  In his complaint, Son alleges that in January 2002, he complained to his supervisor, Natalie Gross ("Gross"), that he was receiving less pay than sales representatives who had just started working for Alltel. Son alleges that Gross told him that his complaint would be considered in conjunction with his March 2002 salary review. In March 2002, Son

---

[2]Pursuant to Local Rule 56.1(c), the Court deems admitted all material facts set forth in Alltel's statement of material facts (docket entry #28), which are not controverted by Plaintiff.

received a 3% merit raise.  Son claims that despite his raise, a disparity remained between his pay and that of less-experienced Alltel employees.

Son applied for a position as a business sales representative ("BSR") in fall 2002. Alltel's BSR's work in outside sales and are not considered managers.   Alltel selected another male applicant to fill the position, based on his experience in outside sales and because he presented himself as the most eager applicant.  In December 2002, Son applied for and was awarded a store manager position at Alltel's store in Benton, Arkansas.  Along with his promotion, Son received an increase in his base salary, and he continued to be eligible to earn sales commission.

In February 2003, GiGi Flory ("Flory") became Son's supervisor.  In the beginning of 2003, Son received an increase in his base salary based on his performance evaluation for 2002. In March 2003, Flory began receiving numerous complaints from Alltel employees and customers stating that Son had treated them rudely and had a poor attitude.   On April 25, 2003, Alltel terminated Son, stating unsatisfactory job performance as the reason for his dismissal. Son appealed his termination through Alltel's human resources department, and the decision to terminate his employment was upheld.

In his amended complaint, Son  claims that Alltel terminated his employment and denied him employment opportunities and equal pay based on his Korean ancestry and ethnicity in violation of 42 U.S.C. § 1981.

### III.  Discussion

Alltel moves for summary judgment on the ground that Son lacks evidence to support his claims that he was terminated, compensated less, or denied a position on account of his ethnicity. The Court will consider Son's claims, and Alltel's specific arguments, separately.

**Wrongful Termination**

Because Son presents no evidence that clearly points to the presence of an illegal motive for his termination, "he must avoid summary judgment by creating the requisite inference of unlawful discrimination through the *McDonnell Douglas* analysis, including sufficient evidence of pretext." *Griffith v. City of Des Moines*, 387 F.3d 733, 736 (8th Cir. 2004); see also *Lockridge v. Board of Trustees of University of Arkansas*, 315 F.3d 1005, 1013 (8th Cir. 2003)(stating that the *McDonnell Douglas* burden-shifting analysis applies to claims brought under 41 U.S.C. § 1981).

Under the three-stage order of proof set forth in *McDonnell Douglas*, Son must first establish a prima facie case of discrimination by showing (1) membership in a protected group, (2) that he met the legitimate expectations of his employer, (3) that he suffered adverse employment action, and (4) facts that permit an inference of discrimination.   *Id*.  If Son establishes a prima facie case, Alltel must articulate a legitimate, nondiscriminatory reason for terminating him. *Rothmeier  v. Investment Advisers, Inc*., 85 F.3d 1328, 1332 (8th Cir. 1996). Finally, the burden shifts back to Son to show that the proffered reasons are pretextual and that his ethnicity in was the real reason for his termination.

Alltel asserts that Son cannot establish a prima facie case of discrimination because he cannot show that he was meeting Alltel's reasonable expectations or that his termination occurred under circumstances giving rise to an inference of discrimination.  Alltel presents uncontroverted evidence that Alltel terminated Son's employment because his supervisor received numerous complaints from customers and coworkers that Son had been rude to them. *See* docket entry #26, Ex. 4, McElhanon Aff., Ex. 6, Flory Aff.  The Court agrees that Son is unable to show that he met the legitimate expectations of his employer.  The Court further finds

that, even assuming Son can establish a prima facie case of discrimination, he has failed to come forward with any evidence showing that Alltel's stated reason for his termination is pretext for discrimination.

### Disparate Pay

Alltel asserts that it paid Son according to its compensation guidelines, and there is no evidence that his ethnicity played any role in its decisions regarding his level of pay. In order to survive summary judgment on his disparate pay claim, Son must present facts adequate to permit an inference of discrimination. Specifically, he "bears the burden to proffer 'specific, tangible evidence' that employees who were 'similarly situated in all respects' to him received different [pay]." *Philip v. Ford Motor Co.,* 413 F.3d 766, 768 (8th Cir. 2005)(quoting *Rose-Maston v. NME Hosp., Inc.,* 133 F.3d 1104, 1109 n. 4 (8th Cir.1998); *Gilmore v. AT & T*, 319 F.3d 1042, 1046 (8th Cir. 2003)). Because Son has failed to identify any individuals who were similarly situated to him and received more pay than he, he has failed to establish a prima facie case of discrimination with respect to his disparate pay claim.

### Failure to Promote

To establish a prima facie case of discrimination based on Alltel's failure to hire Son for a BSR position, Son must show that he was qualified for the position, but Alltel rejected his application under circumstances giving rise to an inference of unlawful discrimination. *See Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981). If Son establishes a prima facie case, Alltel may rebut the presumption of discrimination with evidence that it rejected Son's application, or hired another applicant for the position, for a legitimate, nondiscriminatory reason. *Id*. at 254. Once Alltel meets its burden, Son may prevail by showing that the proffered reason is pretext for discrimination.

Alltel asserts that, even assuming Son can establish a prima facie case of discrimination, he cannot rebut Alltel's articulated reason for selecting another applicant for the BSR position in 2002. The Court agrees. Alltel presents the affidavit of Cindy Gaither, an Alltel business sales manager, who made the decision to hire another applicant for the BSR position. *See* docket entry #26, Ex. 3. Gaither testifies that the applicant she selected was the only applicant with outside sales experience. Gaither states that because a BSR must solicit new customers, she considered outside sales experience an important qualification. She also states that the successful candidate presented himself as the most eager of the three applicants for the job. Son presents no evidence showing that Gaither's proffered reasons for selecting another applicant are pretext for discrimination.

## IV.  Conclusion

For the reasons stated, it is hereby ordered that Defendants' motion for summary judgment (docket entry #26) is GRANTED. There being no remaining issues for trial, pursuant to the judgment entered together with this order, this case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 1st DAY OF MAY, 2006.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE